IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHCELE M. STOTLER                                                                    PLAINTIFF

v.                              CIVIL NO. 5:17-CV-5229

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Michcele M. Stotler, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on July 2, 2015, alleging an inability to work since February 15, 2013, due to chronic obstructive pulmonary disease (COPD), bipolar disorder, anxiety, and post-traumatic stress disorder (PTSD). (Tr. 101, 117). For DIB purposes, Plaintiff maintained insured status through September 30, 2015. (Tr. 101, 117). An administrative hearing was held on May 27, 2016, at which Plaintiff and a vocational expert testified. (Tr. 64-99).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated July 21, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of bipolar disorder; major depressive disorder, recurrent, moderate; post-traumatic stress disorder (PTSD); borderline personality disorder; methamphetamine and cannabis abuse; chronic obstructive pulmonary disease (COPD); cervical and lumbar degenerative disc disease; obesity; hypertension; and hypothyroidism. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15-17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), except for the following: Plaintiff could have occasional exposure to dust, fumes, smoke, or chemicals; she could understand, remember, and carry out simple and routine instructions and tasks; she was unable to perform fast paced production requirements, so no production rate pace work such as assemble line work; she could only perform simple work-related decisions with few, if any, workplace changes or changes in routine; she was limited to jobs that involved working with the same types of things on a day-to-day basis, rather than working with people; she was limited to occasional interaction with co-workers and supervisors, and she was not capable of performing jobs involving direct interaction with the public. (Tr. 18-21). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform her past relevant work, there were jobs that existed in significant numbers in the economy that Plaintiff could perform, such as an apparel stock checker, an office helper, and a merchandise marker. (Tr. 23). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social

Security Act, from February 15, 2013, the alleged onset date, through September 30, 2015, the date last insured. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence submitted by the Plaintiff, denied that request on September 7, 2017.[2] (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

---

[2] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 8th day of March, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE